In re: )
)
OKLAHOMA FORGE, LLC, d/b/a )
OKLAHOMA FORGE, INC )  Case No. 24-11060-M
) Chapter 11
)
Debtor. )

Filed/Docketed
Jan 22, 2025

**CORRECTED
ORDER GRANTING DEBTOR'S MOTION TO APPROVE (I) BIDDING
PROCEDURES, (II) FORM AND MANNER OF SALE NOTICES,
(III) SETTING OF AN AUCTION, SALE HEARING, AND OBJECTION DEADLINE,
AND (IV) AUTHORIZING AND APPROVING STALKING HORSE ASSET PURCHASE
AGREEMENT AND TERMINATION FEE**

**[This Order Relates to the Motion at Docket No. 122]**

Now on this 22nd day of January, 2025, this matter came on before me, the undersigned Judge of the United States Bankruptcy Court, for a hearing (the "Bid Procedures Hearing") on the Motion for an Order (I) Establishing Bidding Procedures In Connection With The Sale Of Substantially All Of The Debtor's Assets, (II) Approving The Form And Manner Of Notices, (III) Scheduling Dates For An Auction, Sale Hearing, and Objection Deadline, (IV) Authorizing and Approving The Form Of A Stalking Horse Asset Purchase Agreement and Termination Fee ("Motion"). The Court having determined that it has jurisdiction over the matters raised by the Motion and that the relief requested in the Motion is in the best interests of the Debtor, its estate and creditors; and it further appearing that proper and adequate notice has been given and that no other or further notice is necessary or required; and, upon the record herein and after due deliberation thereon, it is hereby

ORDERED, ADJUDGED AND DECREED THAT:

Bidding Procedures

1

1. The Bidding Procedures set forth on the attached **Exhibit A** ("Bidding Procedures") are incorporated herein by this reference as if fully set forth in this Order ("Bidding Procedures Order"), are hereby approved in their entirety, and shall govern all proceedings relating to the Asset Purchase Agreement dated December 24, 2024 (as it may be modified or amended, the "Stalking Horse APA"),[1] by and between the Debtor and Forge Resources Group LLC, an Illinois limited liability company, or its designee (the "Stalking Horse Bidder"), any subsequent Qualified Bids for the Purchased Assets, and the Auction.

2. The deadline to submit Qualified Bids for the Purchased Assets shall be **February 13, 2025, at 5:00 p.m. (prevailing Central Time)** (the "Qualified Bid Deadline") pursuant to the terms set forth in the Bidding Procedures and this Bidding Procedures Order, and any bids must be received by the Qualified Bid Deadline (and otherwise qualify as Qualified Bids under the Bidding Procedures and this Bidding Procedures Order) in order to be treated as Qualified Bids.

3. On or before **February 14, 2025, at 5:00 p.m.** prevailing Central Time, Debtor will designate those submitted bids, if any, that are Qualified Bids, and will notify all Qualified Bidders, Buyer, Counsel for the Committee, if any, and the U.S. Trustee by email of the same. The Debtor may determine at the Auction that a previously Qualified Bidder has altered its bid in a way that causes it no longer to be a Qualified Bidder. If no Qualified Bids, other than the Stalking Horse Bid, are received by the Qualified Bid Deadline, Debtor will seek Bankruptcy Court approval of a sale of the Purchased Assets to Buyer pursuant to the APA at the Sale Hearing (defined below).

---

[1] Capitalized terms used herein and not otherwise defined have the meaning set forth in the Motion.

2

4. If a Qualifying Bid (in addition to the Stalking Horse APA) is received for the Purchased Assets by the Qualified Bid Deadline, an Auction of the Purchased Assets shall be conducted on **February 20, 2025, commencing at 1:30 p.m. (prevailing Central Time)** by the Debtor pursuant to the Bidding Procedures and this Bidding Procedures Order in Courtroom #1, United States Bankruptcy Court for the Northern District of Oklahoma , 224 S. Boulder Ave., Tulsa, Oklahoma 74103.

5. If no Qualifying Bid (other than the Stalking Horse APA) is received by the Qualified Bid Deadline, then the Auction shall be cancelled and not held, and the Debtor shall proceed to seek approval of the sale of the Purchased Assets to the Stalking Horse Bidder pursuant to the Stalking Horse Bid at the Sale Hearing (defined below).

6. The Stalking Horse Bidder shall be deemed a Qualified Bidder and the Stalking Horse APA shall be deemed a Qualified Bid pursuant to the Bidding Procedures and this Bidding Procedures Order for all purposes, including the Auction.

Termination Fee

7. The Termination Fee, defined and described in section 7 of the Bidding Procedures, is hereby authorized and approved. The Debtor and its estate shall pay, and the Stalking Horse Bidder shall receive, the Termination Fee to the extent and on the terms provided in section 7 of the Bidding Procedures.

Sale Hearing

8. The hearing ("Sale Hearing") to consider approval of the Winning Bid and, if applicable, any Back-Up Bid, pursuant to the Motion for an Order (1) Authorizing Sale of Substantially all of the Debtor's Assets Free and Clear of All Liens, Claims, Encumbrances and other Interests, (2) Approving Distribution of Sale Proceeds, and (3) Granting Related Relief [Doc.

3

122] (the "Sale Motion") shall be held before the Honorable Terrence L. Michael, United States Bankruptcy Judge, on **February 20, 2025, immediately following the Auction, or, if no Auction is held, at 1:30 p.m. (prevailing Central Time)** in the United States Bankruptcy Court for the Northern District of Oklahoma, Courtroom No. 1, 224 S. Boulder Ave., Tulsa, Oklahoma 74103.

9. At the Sale Hearing, the Court shall consider granting and approving the Sale Motion authorizing and approving the sale of the Purchased Assets to the Winning Bidder pursuant to the Stalking Horse APA (if no other Qualified Bids were timely received and no Auction held) or the Winning Bid at the Auction (and the Back-Up Bid, if any, to the Back-Up Bidder).

10. The Sale Hearing may be adjourned from time to time without further notice to creditors or other parties in interest other than by announcement of the adjournment in open court or on the Court's calendar on the date scheduled for the Sale Hearing or any adjourned date.

11. Any objections to the Sale Motion shall be filed and served no later than **12:00 p.m. (prevailing Central Time) on February 14, 2025** (the "Objection Deadline"). The failure of any objecting person or entity to timely file and serve an objection by the Objection Deadline shall be a bar to the assertion, at the Sale Hearing or thereafter, of any objection to the Sale Motion, the Sale of the Purchased Assets to the Winning Bidder pursuant to the Winning Bid (or, if applicable, to the Back-Up Bidder pursuant to the Back-Up Bid), or the Debtor's consummation and performance of the Winning Bid of the Winning Bidder (including the transfer of the Purchased Assets free and clear of all "Interests" as defined in any order granting and approving the Sale Motion).

12. Objections to the Sale Motion, or any of the related relief sought therein (other than the entry of this Bidding Procedures Order or Bidding Procedures), must (a) be in writing, (b) state the basis of such objection with specificity, (c) conform to the Bankruptcy Rules and the Local

Rules of the Northern District of Oklahoma, and (d) be filed and served in accordance with the rules of the Bankruptcy Court upon: (i) counsel to the Debtor, Crowe Dunlevy, 6th Floor, 222 North Detroit Avenue, Tulsa, OK 74120, Attn: Mark A. Craige (mark.craige@crowedunlevy.com); (ii) counsel to the Stalking Horse Bidder, Miller, Canfield, Paddock and Stone, P.L.C., 150 West Jefferson, Suite 2500, Detroit, MI 48226, Attn: Marc N. Swanson and Jonathan S. Green (swansonm@millercanfield.com); (iii) counsel to Loeb Term Solutions, LLC, Taft Law, 27777 Franklin Rd, Suite 2500, Southfield, MI 48034, Attn: Thomas E. Coughlin (tcoughlin@taftlaw.com) ; (iv) counsel to Pathward, National Association, Rapp & Krock, Two Post Oak Central, 1980 Post Oak Blvd., Suite 1200 Houston, Texas 77056, Attn: Bradley K. Jones (bkjones@rappandkrock.com) (v) counsel to the Committee, if applicable, and (vi) the United States Trustee, Attn: Mary Kindelt (mary.kindelt@usdoj.com), so as to be actually received no later than the Objection Deadline. Service to counsel identified in (i) through (vi) of this paragraph is authorized via electronic mail.

Form and Manner of Notice

13. Notice of this Bidding Procedures Order, Bidding Procedures, Sale Motion, and the Sale Hearing shall be good and sufficient and approved in all respects, and no other or further notice shall be necessary or required, if given as follows:

> Notice of Auction, Sale Hearing and Related Deadlines. Within three (3) business days after entry of this Bidding Procedures Order (the "Mailing Date"), the Debtor shall serve the *Notice of Auction and Sale Hearing* (the "Sale Notice"), substantially in the form attached as **Exhibit B**, together with copies of the Sale Motion, the Stalking Horse APA, the proposed Sale Order, the Bidding Procedures, and this Bidding Procedures Order by first-class mail, postage prepaid, upon (i) all parties that expressed an interest in the possible purchase of any of the Purchased Assets; (ii) counsel for the DIP Lender; (iii) counsel for the Stalking Horse Bidder; (iv) all entities known by the Debtor to have filed a notice of appearance or a request for receipt of chapter 11 notices and pleadings filed in

this case as of the date hereof; (v) all federal, state and local regulatory and taxing authorities and recording offices which have a known interest in the relief requested in the Sale Motion; (vi) all parties (and their counsel, if known) which hold liens on or security interests in any of the Purchased Assets, including Loeb Term Solutions, LLC and Pathward, National Association (collectively, the "Prepetition Lenders"); (vii) all other parties on the Debtors' Master Service List; (viii) any entity known or reasonably believed to have asserted a security interest in or lien against any of the Purchased Assets; and (ix) such other entities as may be reasonably requested by the Stalking Horse Bidder (collectively, the "Notice Parties") and, in addition, the Debtor shall also serve the Sale Notice on all parties on the Official Matrix. The Debtor is also authorized to serve such documents to the Notice Parties via electronic mail.

14. This Bidding Procedures Order shall be effective immediately upon entry.

**IT IS SO ORDERED** this 22nd day of January, 2025.

BY THE COURT:

TERRENCE L. MICHAEL, CHIEF JUDGE
UNITED STATES BANKRUPTCY COURT

Approved for Entry:

*s/ Mark A. Craige*
Mark A. Craige, OBA #1992
CROWE & DUNLEVY
222 North Detroit Avenue, Suite 600
Tulsa, OK 74120
(918) 592-9800
(918) 592-9801 (Facsimile)
mark.craige@crowedunlevy.com
alex.sokolosky@crowedunlevy.com

**Counsel to Debtor-In-Possession**

43142801.11/156171.00005

Exhibit A

43142801.11/156171.00005

Bidding Procedures

The following bidding procedures ("Bidding Procedures") are approved by order of the Bankruptcy Court dated on or about January 22, 2025 and are adopted and incorporated therein by this reference.

1. Stalking Horse Bid.

    (a) Forge Resources Group LLC or an affiliate or other designee ("Buyer") and Oklahoma Forge, LLC ("Debtor") are parties to an Asset Purchase Agreement dated December 24, 2024 (as it may be modified or amended, the "APA"). The purchase price for the Purchased Assets (as defined in section 1.4 of the APA) is $4,250,000.00 ("Purchase Price"). The APA submitted by Buyer and accepted by Debtor shall be referred to as the "Stalking Horse Bid".

2. Qualified Bidders.

    (a) Additional bidders must be Qualified Bidders (as defined below) to participate at the Auction (as defined below).

    (b) A "Qualified Bidder" is any person or entity that submits a Qualified Bid (as defined below) in accordance with these Bidding Procedures and includes Buyer.

    (c) A "Qualified Bid" is a written offer to purchase the Assets that complies with the following requirements:

        (i) Deadline to Submit Qualified Bids: Any person or entity that wishes to submit a Qualified Bid must submit its bid so that it is actually received by Debtor's counsel and Buyer's counsel no later than 5:00 p.m. prevailing Central Time on February 13, 2025 (the "Qualified Bid Deadline").

        (ii) Where to Submit Bids: Bids must be submitted by electronic mail to Counsel for Debtor (mark.craige@crowedunlevy.com), Counsel to the Official Committee of Unsecured Creditors, if any, counsel to the Buyer (swansonm@millercanfield.com), and Office of the United States Trustee (mary.kindelt@usdoj.gov) and must include an address, telephone number and electronic mail address at which the person or entity submitting the bid may be contacted.

        (iii) Content of Qualified Bids: The Stalking Horse Bid is deemed to be a Qualified Bid submitted by a Qualified Bidder. All other Qualified Bids must include the following items ("Bid Package"):

8

(1) A binding and irrevocable cash offer for the Purchased Assets.

(2) A cash purchase price that is not less than the Purchase Price plus the Termination Fee (defined below) plus $75,000 (*e.g.* not less than $4,462,500.00).

(3) A signed asset purchase agreement that contains terms substantially similar to the terms and conditions contained in the APA. Any changes to the APA shall be marked against the APA in a separate document.

(4) A deposit in cash or other immediately available funds ("Deposit") to be wired into a separate, segregated, bank account to be designated by Debtor, and if in an account owned by Debtor, an account at a financial institution that has executed a Uniform Depository Agreement with the U.S. Trustee, which Deposit is actually received on or before the Qualified Bid Deadline and in the amount of not less than $200,000.

(5) The bid must not contain any financial or due diligence contingencies.

3. Designation of Qualified Bids.

(a) On or before February 14, 2025, at 5:00 p.m. prevailing Central Time, Debtor will designate those submitted bids, if any, that are Qualified Bids and will notify all Qualified Bidders, Buyer Counsel for the Committee and the U.S. Trustee via email of the same. The Debtor may determine at the Auction that a previously Qualified Bidder has altered its bid in a way that causes it no longer to be a Qualified Bidder.

(b) If no Qualified Bids, other than the Stalking Horse Bid, are received by the Qualified Bid Deadline, Debtor will seek Bankruptcy Court approval of a sale of the Purchased Assets to Buyer pursuant to the APA at the Sale Hearing (defined below).

4. Auction. If one or more Qualified Bids is received (in addition to the Stalking Horse Bid) by the Qualified Bid Deadline, the Auction will be conducted in Courtroom #1, United States Bankruptcy Court for the Northern District of Oklahoma, 224 S. Boulder Ave., Tulsa, OK 74103 ("Courtroom"), on February 20, 2025, commencing at 1:30 p.m. prevailing Central Time ("Auction").

(a) Only representatives of Debtor, the Committee, the United States Trustee, Buyer, Loeb, Pathward and any Qualified Bidder will be entitled to attend the Auction.

9

(b) Debtor may announce at the Auction additional procedural, non-material substantive rules for bidding and other procedures that are reasonable under the circumstances (*e.g.*, regarding the amount of time allotted to make subsequent overbids) for conducting the Auction, so long as such rules are not inconsistent with these Bidding Procedures, any order of the Court entered in connection herewith, the APA, or the Bankruptcy Code.

(c) Debtor shall designate at the start of the Auction the Qualified Bid determined by the Debtor in the exercise of its business judgment to be the highest or best bid as the initial bid for the Purchased Assets, taking into account the net effect of the Termination Fee on the bankruptcy estate ("Initial Qualified Bid").

(d) The first overbid above the Initial Qualified Bid, and each subsequent overbid thereafter, must be $75,000 over the previous bid.

(e) Promptly after the conclusion of the Auction on the day of the Auction, Debtor will designate the highest or best Qualified Bid (taking into account all relevant factors, including, but not limited to, cash consideration, the terms and conditions of the proposed agreement, the aggregate value offered by the Qualified Bidder, the effect of the Termination Fee on the net return to the bankruptcy estate, and the speed and certainty of closing a sale of the Purchased Assets to such Qualified Bidder) as the winning bid ("Winning Bid") and the Qualified Bidder submitting the Winning Bid (the "Winning Bidder") and shall designate the next highest or otherwise best Qualified Bid (the "Back-Up Bid") and the Qualified Bidder submitting the Back-Up Bid ("Back-Up Bidder"). Debtor will file a notice immediately after the Auction setting forth the identity of the Winning Bidder and the Back-Up Bidder ("Designation Notice").

(f) If the Winning Bid is approved by entry of a Sale Order (defined below) by the Court and the Winning Bidder fails to close, the Debtor shall be authorized to close on the Back-Up Bid without further order of the Court to the extent that the Back-Up Bidder has not elected to terminate its Back-Up Bid.

5. <u>Presentation of Winning Bid and Back-Up Bid; Acceptance of Qualified Bid Only Upon Court Approval</u>. A sale hearing shall be held on February 20, 2025, in the Courtroom immediately following the Auction, or, if no Auction is held, at 1:30 p.m. on February 20, 2025, at which hearing the Debtor shall seek entry of an order approving the sale of the Purchased Assets to the Winning Bidder pursuant to the Winning Bid and, if applicable, the Back-Up Bid of the Back-Up Bidder ("Sale Order") and that is effective immediately upon entry, notwithstanding Bankruptcy Rule 6004(h). The Sale Order shall provide that, if the transaction with the Winning Bidder for sale of the Purchased Assets fails to close because of a breach or failure to perform on the part of the Winning Bidder, the Debtor may close a sale of the Purchased Assets pursuant to the Back-Up Bid to the Back-Up Bidder without further order of the Bankruptcy Court. A Qualified Bid, including any Winning Bid or Back-Up Bid, shall be deemed accepted by the

Debtor only when that Qualified Bid has been approved in a Sale Order entered by the Bankruptcy Court.

      6.      <u>Treatment of Deposits</u>.

           (a)      Any Qualified Bidder, including Buyer, that submitted a Deposit and that is not designated at the Auction as having submitted the Winning Bid shall have its Deposit returned no later than two (2) business days after filing of the Designation Notice of the Winning Bid, unless a Qualified Bidder is the Back-Up Bidder and elects to have its Qualified Bid treated as a Back-Up Bid, in which case its Deposit shall be treated in accordance with paragraph 6(b) hereof.

           (b)      The Deposit of the Back-Up Bidder shall be returned to the Back-Up Bidder no later than two days after the earlier of the date (a) the Winning Bid is closed or (b) the Back-Up Bidder notifies the Debtor that it has elected to terminate its Back-Up Bid.

      7.      <u>Termination Fee</u>. Subject to the approval of the Bankruptcy Court, if (i) the Buyer is not in material breach of any provision of the APA, (ii) the APA has not been terminated by Buyer, and (iii) a sale pursuant to section 363 of the Bankruptcy Code or pursuant to a confirmed plan of reorganization or otherwise for some or all of the Purchased Assets to one or more persons or entities other than the Buyer (a "<u>Third Party</u>") is closed with the Third Party (a "<u>Third-Party Sale</u>"), then the Buyer shall be entitled to receive, and the Debtor shall pay to Buyer, without further order of the Bankruptcy Court, an expense reimbursement in the amount of $10,000.00 plus a breakup fee in the amount of $127,500.00 (which is 3% of the Purchase Price) for a total termination fee of $137,500.00 (the "<u>Termination Fee</u>"). At the closing of the Third-Party Sale, the Termination Fee shall be paid out of the proceeds of the Third-Party Sale in cash by wire transfer of immediately available funds to an account designated by the Buyer. For the avoidance of doubt, any sale or restructuring transaction or otherwise where all or a substantial portion of its assets is allocated to or for the benefit of secured or unsecured creditors on account of their claims (including, without limitation, pursuant to a credit bid pursuant Section 363(k) of the Bankruptcy Code) shall be deemed to be a Third-Party Sale.

      8.      <u>Sale Hearing</u>. A hearing ("<u>Sale Hearing</u>") to consider entry of the Sale Order will be held on February 20, 2025, in the Courtroom immediately following the Auction, or, if no Auction is held, at 1:30 p.m. on February 20, 2025, or at such other time as the Court may designate.

Exhibit B

43142801.11/156171.00005

Exhibit B

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OKLAHOMA

In re:  )
 )
OKLAHOMA FORGE, LLC, d/b/a )
OKLAHOMA FORGE, INC. ) Case No. 24-11060-M
 ) Chapter 11
 )

Debtor.

# NOTICE OF AUCTION AND SALE HEARING

**PLEASE TAKE NOTICE OF THE FOLLOWING:**

1. On August 16, 2024 (the "Petition Date"), an involuntary petition for relief under chapter 7 of title 11 of the United States Code ("Bankruptcy Code") was filed against the debtor in the above-captioned case (the "Debtor") [Doc. 1], thereby commencing this case in the United States Bankruptcy Court for the Northern District of Oklahoma (the "Court"). On November 20, 2024, the Debtor voluntarily converted this case to a case under chapter 11 of the Bankruptcy Code pursuant to section 706(a) of the Bankruptcy Code. The Debtor has filed a Motion for (i) entry of a bidding procedures order (the "Bidding Procedures Order") (a) establishing bidding procedures (the "Bidding Procedures") in connection with the sale (the "Sale") of substantially all of the Debtor's assets (the "Purchased Assets"), (b) approving the form and manner of notices of the Sale, (c) scheduling dates for an auction ("Auction") and hearing to approve the Sale (the "Sale Hearing"), and (d) authorizing and approving the form of a Stalking Horse Asset Purchase Agreement (the "Stalking Horse APA") and a Termination Fee [Doc. 123] and a Motion (the "Sale Motion") for entry of an order (the "Sale Order") authorizing and approving the Sale of the Purchased Assets free and clear of all liens, claims, encumbrances and other interests of any kind

to the Winning Bidder[2] [Docket No. 122].

2. On January 22, 2025, the Bankruptcy Court entered an order approving the Bidding Procedures (the "Bidding Procedures Order"). Pursuant to the Bidding Procedures Order, an auction (the "Auction") for the Purchased Assets will take place on **February 22, 2025 at 1:30 p.m (prevailing Central Time)** if other Qualified Bids are timely received pursuant to the terms of the Bidding Procedures and the Bidding Procedures Order. The auction will be conducted by the undersigned counsel for the Debtor in Courtroom #1, United States Bankruptcy Court for the Northern District of Oklahoma, 224 S. Boulder Ave., Tulsa, OK 74103, pursuant to the Bidding Procedures approved by the Bidding Procedures Order.

3. The hearing to consider authorization and approval of the Sale of the Purchased Assets (the "Sale Hearing") to the Winning Bidder, free and clear of all liens, claims, encumbrances, and other interests, will be held before the Bankruptcy Court**, immediately following the Auction, or, if no Auction is held,** at **1:30 p.m. (Prevailing Central Time) on February 22, 2025**, or at such other time thereafter as counsel may be heard. The Sale Hearing may be adjourned from time to time without further notice to creditors or other parties in interest other than by announcement of the adjournment in open court on the date scheduled for the Sale Hearing.

4. Objections, if any, to the Sale or the relief requested in the Sale Motion (other than the entry of the Bidding Procedures Order or Bidding Procedures) must: (a) be in writing; (b) comply with the Bankruptcy Rules and the Local Rules of the Bankruptcy Court for the Northern District of Oklahoma; (c) be filed with the clerk of the Bankruptcy Court for the Northern District of Oklahoma by no later than **12:00 p.m.** on **February 14, 2025** ("Objection Deadline") and (d)

---

[2] Capitalized terms used herein and not otherwise defined have the meaning set forth in the Stalking Horse APA or the Bidding Procedures, as applicable.

conform to the Bankruptcy Rules and the Local Rules of the Northern District of Oklahoma, and (e) be filed and served in accordance with the rules of the Bankruptcy Court upon: (i) counsel to the Debtor, Crowe Dunlevy, 6th Floor, 222 North Detroit Avenue, Tulsa, OK 74120, Attn: Mark A. Craige (mark.craige@crowedunlevy.com); (ii) counsel to the Stalking Horse Bidder, Miller, Canfield, Paddock and Stone, P.L.C., 150 West Jefferson, Suite 2500, Detroit, MI 48226, Attn: Marc N. Swanson and Jonathan S. Green (swansonm@millercanfield.com); (iii) counsel to Loeb Term Solutions, LLC, Taft Law, 27777 Franklin Rd, Suite 2500, Southfield, MI 48034, Attn: Thomas E. Coughlin (tcoughlin@taftlaw.com) ; (iv) counsel to Pathward, National Association, Rapp & Krock, Two Post Oak Central, 1980 Post Oak Blvd., Suite 1200 Houston, Texas 77056, Attn: Bradley K. Jones (bkjones@rappandkrock.com) (v) counsel to the Committee, if applicable, and (vi) the United States Trustee, Attn: Mary Kindelt (mary.kindelt@usdoj.com), so as to be actually received no later than the Objection Deadline. Service to counsel identified in (i) through (vi) of this paragraph is authorized via electronic mail.

5. UNLESS AN OBJECTION IS TIMELY FILED AND SERVED IN ACCORDANCE WITH THE BIDDING PROCEDURES ORDER , THE OBJECTION MAY NOT BE CONSIDERED BY THE BANKRUPTCY COURT AND THE BANKRUPTCY COURT MAY GRANT THE RELIEF REQUESTED IN THE SALE MOTION WITHOUT CONSIDERATION OF SUCH OBJECTION.

6. This Notice and the Sale Hearing is subject to the fuller terms and conditions of the Sale Motion and the Bidding Procedures Order, which shall control in the event of any conflict and the Debtor encourages parties in interest to review such documents in their entirety.

7. Parties interested in receiving more information regarding the Sale of the Purchased Assets and/or copies of any related document, including the Stalking Horse APA, may make a

written request to (i) David R. Payne, D R Payne & Assoc., 119 N. Robinson Ave. Ste 400, Oklahoma City, Oklahoma 73102 and (ii) counsel to the Debtor Crowe Dunlevy, 6th Floor, 222 North Detroit Avenue, Tulsa, OK 74120, Attn: Mark A. Craige.

Dated:  Tulsa, Oklahoma

January 22, 2025.

Respectfully submitted,

*s/ Mark A. Craige*
Mark A. Craige, OBA #1992
Alexander Sokolosky, OBA #33614

-Of the Firm-

CROWE & DUNLEVY
A Professional Corporation
222 North Detroit Avenue
Suite 600
Tulsa, OK 74120
(918) 592-9800
(918) 592-9801 (Facsimile)
mark.craige@crowedunlevy.com
alex.sokolosky@crowedunlevy.com

*Attorneys for Oklahoma Forge, LLC*