**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

In re:                                              )
                                                    )
OKLAHOMA FORGE, LLC d/b/a                            )    Case No. 24-11060-M
OKLAHOMA FORGE, INC.                                )         (Chapter 11)
                                                    )
                    Debtor.                         )
_____             )

**MOTION OF PATHWARD, NA**
**FOR RELIEF FROM THE AUTOMATIC STAY,**
**WAIVER OF THE 14-DAY STAY UNDER BANKRUPTCY RULE 4001(a)(3),**
**AND NOTICE OF OPPORTUNITY FOR HEARING**

Pathward, NA ("Pathward"), for its *Motion for Relief from the Automatic Stay, Waiver of the 14-Day Stay Under Bankruptcy Rule 4001(a)(3), and Notice of Opportunity for Hearing* (the "Motion"), respectfully states as follows:

### I.      JURISDICTION, VENUE, AND PREDICATES

1.      The Court has jurisdiction over the subject matter of this Motion pursuant to 28 U.S.C. §§ 157(b) and 1334(b). This contested matter is a core proceeding, pursuant to 28 U.S.C. § 157(b)(2)(A), (G) and (O).

2.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      The statutory and procedural predicates for this Motion are 11 U.S.C. § 362(d)(1) and (2), Rule 4001(a)(1), and Fed. R. Bankr. P. and Local Rule 4001-1.

### II.      BACKGROUND

4.      On August 16, 2024 (the "Petition Date"), a petition for involuntary relief under Chapter 7 was filed against Oklahoma Forge, LLC d/b/a Oklahoma Forge, Inc. ("Debtor") [Doc. 1] and, on November 22, 2024, an Agreed Order Converting Chapter 7 Case to a Case Under Chapter 11 was entered by the Court [Doc. 60].

5.     The Office of the United States Trustee has appointed an Official Committee of Unsecured Creditors in this case (the "Committee") [Doc. 95]. On information and belief, the Committee has not retained counsel.

6.     The Debtor has continued in the management and possession of its business and property as a debtor in possession pursuant to Bankruptcy Code §§ 1107 and 1108.

7.     Pathward holds a secured claim against Debtor based on a Loan and Security Agreement and Promissory Note. On or about, July 28, 2022, Debtor and Pathward entered into a Loan and Security Agreement for the purpose of Pathward making cash advances to Debtor for eligible accounts receivables (the "Receivables"). A copy of the Loan and Security Agreement is attached as Exhibit A ("Loan Agreement").

8.     Contemporaneously with the Loan Agreement, Debtor and Pathward executed a promissory note for the purpose of extending a line of credit to Debtor based on the principal amount due under the Loan Agreement not to exceed $8MM (the "Promissory Note"). A copy of the Promissory Note is attached as Exhibit B. The Loan Agreement and Promissory Note are collectively referred to as the "Loan Documents".

9.     Debtor's obligations to Pathward under the Loan Documents are secured by, among other things, all cash of the Debtor's bankruptcy estate, wherever located, including all cash equivalents in the form of negotiable instruments that were on the Petition Date in the Debtor's or Pathward's possession, custody, or control (excluding check no. 6933878 issued by Chubb Federal Insurance Company to Debtor), and all future proceeds of Receivables which come into the possession, custody or control of Debtor or Pathward after the Petition Date, including all monies on deposit with Pathward, or on deposit in a "Lockbox Account" (collectively, the "Collateral"). (Ex. A § 8A). The Lockbox Account is an account held or

controlled by Pathward where payments on Receivables for which Pathward has made a cash advance to Debtors are required to be deposited. (Ex. A § 5). Debtor "has no right to the Lockbox Account, it belongs to Pathward," and "Pathward is the owner of all deposits in the Lockbox Account." (Ex. A § 5).

10.     Pathward may satisfy the obligations due under Loan Documents by, among other things, directly applying any funds in the Lockbox Account and/or collecting the Receivables, exercising its rights as a secured creditor upon any Collateral, or by any other means lawfully available. (Ex. A § 2C).

11.     Pathward perfected its security interest in the Collateral by filing a UCC Financing Statement in Oklahoma and Michigan. A copy of the Oklahoma and Michigan UCC Financing Statements are attached as Exhibits C and D, respectively.

12.     The balance owed on the Loan Documents is $640,414.59, excluding attorney's fees and costs.

13.     As of the date of this Motion, there is $436,786.84 on deposit in the Lockbox, ("Unapplied Cash"). After applying the Unapplied Cash to the Debtors Obligations to Pathward under the Loan Documents, Debtors owe Pathward approximately $203,627.75.

14.     Debtor defaulted under the Loan Documents by, among other things, failing to pay amounts due.

### III.     REQUEST AND BASIS FOR RELIEF

15.     Pathward seeks relief from the automatic stay to apply the Unapplied Cash to Debtor's obligations under the Loan Documents and to collect Receivables, if any, and applying them to Debtor's obligations to Pathward under the Loan Documents.

16.     Pursuant to 11 U.S.C. § 362(d)(1) and (2), a party in interest is entitled to relief from the automatic stay, such as by terminating, annulling, modifying, or conditioning such stay--

> (1)     for cause, including the lack of adequate protection of an interest in property of such party in interest;
>
> (2)     with respect to a stay of an act against property under subsection (a) of [§ 362], if--
>
>> (A) the debtor does not have an equity in such property; and
>>
>> (B) such property is not necessary to an effective reorganization;

17.     While Pathward believes the Unapplied Cash and Receivables are not assets of the Debtor's bankruptcy estate, Pathward is otherwise entitled to use the Unapplied Cash, Receivables, and all other Collateral to satisfy obligations due under the Loan Documents.

18.     Cause exists to modify the automatic stay because the Debtor is in default of the Loan Documents, Pathward has a first lien on the Collateral and any Receivables, and Pathward has a contractual right to apply the Unapplied Cash and Receivables toward amounts due under the Loan Documents.

19.     Moreover, this case is not a reorganization. The Debtor is seeking to sell substantially all its assets through a § 363 auction process [Doc. 122].

20.     Finally, the Debtor has no equity or interest in the Unapplied Cash or Receivables for the bankruptcy estate, which are fully encumbered.

21.     Pathward submits that sufficient grounds exist under § 362(d) to grant relief from the automatic stay to allow Pathward to apply the Collateral, including Unapplied Cash and any payments or collections on Receivables toward Debtor's obligations under the Loan Documents.

22.     Pathward requests that the 14-day stay provided by Federal Rule of Bankruptcy Procedure 4001(a)(3) be waived. This Court's policy allows for such a waiver where the proposed order, which includes such relief, is approved as to form and content by the Debtor. Pathward anticipates obtaining such consent prior to submitting a proposed order to the Court.

23.     Pursuant to Federal Rule of Bankruptcy Procedure 4001 and this Court's Local Rule 4001-1(C), a copy of this Motion is being served (1) electronically by the CM/ECF system upon the Debtor's counsel, two of the three members of the Committee who are represented by counsel of record in this case (Elwood Quality Steels Company and Metro Machine Works, Inc.) the United States Trustee, and all other parties who have filed appearances and requested notices in this case, and (2) by mail on the member of the Committee not represented by counsel of record in this case (C4 Industrial, Inc.).

## <u>NOTICE OF OPPORTUNITY FOR HEARING</u>

**Your rights may be affected. You should read this document carefully and consult your attorney about your rights and the effect of this document.** If you do not want the Court to grant the requested relief, or you wish to have your views considered, you must file a written response or objection to the requested relief with the Clerk of the United States Bankruptcy Court for the Northern District of Oklahoma, 224 South Boulder, Tulsa, Oklahoma 74103 no later than 14 days from the date of filing of this request for relief. You should also mail a file-stamped copy of your response or objection to the undersigned movant/movant's attorney [and others who are required to be served] and file a certificate of service with the Court. If no response or objection is timely filed, the Court may grant the requested relief without a hearing or further notice.

**The 14-day period includes the 3 days allowed for mailing provided for in Rule 9006(f) Fed. R. Bankr. P.**

**WHEREFORE**, Pathward respectfully requests, in the absence of an objection or after a hearing on any objection, that the Court enter an order modifying the automatic stay, and granting such further relief as the Court deems just and proper.

Date: January 22, 2025.                                Respectfully submitted,

**RAPP & KROCK, PC**

*/s/ Bradley K. Jones*
Texas Bar No. 24060041 (Pro Hac Vice)
Federal ID No. 931122
1980 Post Oak Blvd., Suite 1200
Houston, Texas 77056
bkjones@rappandkrock.com
(713) 759-9977 telephone
(713) 759-9967 facsimile

and

**GABLEGOTWALS**
Brandon C. Bickle,
OBA #22064
110 N. Elgin Ave., Ste. 200
Tulsa, OK 74120
(t) 918.595.4800 | (f) 918.595.4990
bbickle@gablelaw.com

**COUNSEL FOR PATHWARD, NA**


<u>**CERTIFICATE OF SERVICE**</u>

I do hereby certify that on January 22, 2025, a true, correct and exact copy of the above and foregoing document was served by electronic notice by the CM/ECF filing system on the registered participants for this case, and by placing same in the United States mail, with proper postage fully prepaid, on the following:

C4 Industrial, Inc.
c/o Laura Key
15864 W. Hardy Rd., #790
Houston, TX 77060


*/s/ Bradley K. Jones*
Bradley K. Jones