## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE NORTHERN DISTRICT OF OKLAHOMA

|  |  |  |
|---|---|---|
| **In Re:** | ) | |
| | ) | |
| | ) | **Case No. 24-11060-M** |
| **OKLAHOMA FORGE, LLC d/b/a** | ) | **Chapter 11** |
| **OKLAHOMA FORGE, INC.,** | ) | |
| | ) | |
| **Debtor.** | ) | |

## STATEMENT AND RESERVATION OF RIGHTS OF THE OFFICIAL
## COMMITTEE OF UNSECURED CREDITORS TO DEBTOR'S SALE MOTION

The Official Committee of Unsecured Creditors of Oklahoma Forge, LLC d/b/a Oklahoma Forge, Inc. (the "Committee"), through its undersigned counsel, hereby files this statement and reservation of rights to the *Debtor's Motion for an Order (1) Authorizing Sale of Substantially all of the Debtor's Assets Free and Clear of All Liens, Claims, Encumbrances and Other Interests, (2) Approving Distribution of Sale Proceeds and (3) Granting Related Relief* [Docket No. 317] (the "Sale Motion")[1] and hereby states as follows:

## STATEMENT AND RESERATION OF RIGHTS

1.      Since its appointment, the Committee consistently has stated that it supports a sale that maximizes the value to be realized by the Debtor and its estate.   The Committee values the certainty of a sale closing that generates the greatest net recovery for the Debtor and its estate.  To generate a better recovery for its constituency, the Committee also values the waiver or subordination of claims that leaves more money for general unsecured creditors.

2.      The Committee understands that the TSK Final Bid provides $6,850,000.00 in cash consideration, and it includes certain expense reimbursements, a waiver of Ellwood's asserted administrative expense claims for substantial contribution in the amount of $184,092.72 and the

---

[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Sale Motion.

subordination of Ellwood's general unsecured claims in the amount of $762,142.95. Because the TSK Final Bid does not include a purchase of the STORE Real Property, the costs and risk associated with the disputed issues with STORE and the STORE AP must be considered when evaluating the TSK Final Bid and the impact that litigation may have on the recovery to unsecured creditors.

3. The FRG Final Bid includes cash consideration in the amount of $6,575,000, and the FRG Final Bid does not have the ongoing litigation risk and costs that relate to STORE. Although STORE benefits from a closing with FRG by having the STORE Real Property sold and not requiring the litigation of the nature of its interest, if any, in the Purchased Assets in the STORE AP, STORE to date has not agreed to waive any administrative expense claim or unsecured claim it has against the Debtor. Consequently, the FRG Final Bid does not have any additional enhancements that directly increase the return to general unsecured creditors.

4. After accounting for the payment of the Termination Fee to FRG, on its face, the TSK Final Bid appears to be $137,500 greater in upfront net cash consideration to the estate over the FRG Final Bid, plus it would increase the recovery of the non-Ellwood unsecured creditors by lowering the total amount of claims that could recover ahead of general unsecured creditors. However, the Committee also recognizes the inherent value of the FRG Final Bid's potential resolution and avoidance of litigation risk with STORE.

5. The Committee continues to evaluate and consider the value of the litigation risk associated with the dispute with STORE in the STORE AP and the impact it has on the certainty of closing and providing a recovery to unsecured creditors. The Committee wants any transaction for the sale of the Purchased Assets to maximize both the cash consideration received by the Debtor and the ultimate recovery to unsecured creditors by limiting the claims to be asserted by parties against the Debtor that are senior to or equal to general unsecured creditors.

6. The Committee and its members reserve all of their respective rights, claims, defenses, and remedies, including, without limitation, the right to amend, modify, or supplement this statement, to seek discovery, to raise additional objections during the hearing on the Sale Motion, and to negotiate and document alternative resolutions to or as part of the Sale Motion. Moreover, the Committee expressly objects to the extent the relief requested in the Sale Motion or any proposed sale order would provide for a release or waiver of any rights, claims, remedies or other causes of action against any party other than those expressly contemplated for the purchaser that closes on the sale. Any rights, claims, remedies, or any other causes of action that the Committee and its members, the Debtor, the estate or any other party in interest may have against Fidelis and its affiliates, the prior owners of the Debtor, the Prepetition Secured Lenders, STORE and their respective shareholders, members, managers, officers, directors, employees, agents and representatives should expressly be preserved.

Dated: April 24, 2025

Respectfully submitted,

**BERNSTEIN-BURKLEY, P.C.**

 /s/ Gus Kallergis
Gus Kallergis, Esquire (OH 0071557)
Robert M. Stefancin, Esq. (OH 0047184)
Kirk B. Burkley (PA. 89511)
1360 East Ninth Street, Suite 1250
Cleveland, Ohio 44114
Telephone: (412) 456-8100
Facsimile: (412) 456-8135
gkallergis@bernsteinlaw.com
rstefancin@bernsteinlaw.com
kburkley@bernsteinlaw.com

and

**DOERNER SAUNDERS DANIEL & ANDERSON**

J. Patrick Mensching, OBA #6136
Two West Second Street, Suite 700
Tulsa, Oklahoma 74103
Telephone: (918) 591-5240
Facsimile: (918) 925-5240
pmensching@dsda.com

*Counsel to the Official Committee of Unsecured Creditors*

## <u>CERTIFICATE OF SERVICE</u>

The undersigned hereby certifies that on April 24, 2025, a true and correct copy of the foregoing *Statement and Reservation of Rights* was electronically served on the parties to the above proceeding through the Court's CM/ECF system.

  /s/ Gus Kallergis
Gus Kallergis