# Exhibit A

**From:** Mark A. Craige <mark.craige@crowedunlevy.com>
**Sent:** Wednesday, March 12, 2025 2:50 PM
**To:** Shiner, Michael <mshiner@tuckerlaw.com>; Manne, Beverly <bmanne@tuckerlaw.com>
**Cc:** Swanson, Marc N. <swansonm@millercanfield.com>; Green, Jonathan S. <green@millercanfield.com>; Mary E. Kindelt (mary.kindelt@usdoj.gov) <mary.kindelt@usdoj.gov>; karen.walsh@usdoj.gov; Keith M. Aurzada - Reed Smith LLP (kaurzada@reedsmith.com) <kaurzada@reedsmith.com>; Ross, Dylan T.F. <Dylan.Ross@reedsmith.com>; Coughlin, Tom <tcoughlin@taftlaw.com>; Pittman, Brock <Brock@christensenlawgroup.com>; Bradley K. Jones <bkjones@rappandkrock.com>; Brandon Bickle <bbickle@gablelaw.com>; Gus Kallergis <gkallergis@bernsteinlaw.com>; Kamran K Momeni <Kamran@momenilaw.com>
**Subject:** OK Forge

Mike:

In furtherance of our recent conversation, the DIP would consider the Ellwood or TSK or other designee ("Ellwood") bid to be the better bid only if the following are included in your APA:

Seems like we need them to:

1. Increase their bid by enough to cover the break-up fee and any expense reimbursement to FRG.
2. Close asap upon entry of an order approving the sale.
    a. DIP Transfers "all of its interest" in the equipment.
    b. The Claim of Store Capital attached to the proceeds.
    c. Ellwood pays for all the professional fees, expenses and costs to litigate the Store claims
    d. Ellwood seeks to substitute itself as defendant or otherwise intervene in the AP case and take the lead on all aspects of this litigation.
    e. Win or Lose the AP, the Estate Keeps 100% of the sale proceeds.
    f. If Store Wins, Ellwood pays the Estate all amounts necessary to satisfy all of Store's claims so that the Estate remains whole.
3. For all of the following which accrue after the closing, Ellwood advances as a gift 100% of funds to pay:
    a. All administrative claims.
    b. All operating or other cash requirements for the DIP
4. A 100% indemnity on demand for any and all other cash requirements or other amounts necessary to compensate the Estate for any and all obligations necessary to ensure the Estate receives and maintains the full benefit of funds received at closing on the sale which accrue after the closing to be collateralized by a $200,000 deposit that may be used by the DIP to pay any obligations of the Estate which accrue after the closing.
5. Waiver of all indemnities by the DIP.

Please advise by COB today. If these terms are acceptable, please send an amended APA incorporating all of the above items.

Please note the DIP will invite FRG to over bid if Ellwood agrees to all of the above.

Mark



**Mark A. Craige**
Shareholder/Director

| | | | |
|---|---|---|---|
| **Tulsa** | **Dallas** | **Houston** | **Oklahoma City** |
| 222 N. Detroit Ave., Ste. 600 | 2525 McKinnon Street | Gateway|Building | Braniff Building |
| Tulsa, OK 74120 | Suite 425 | 3663 North Sam Houston Parkway East | 324 N. Robinson, Suite 100 |
| direct line:918.592.9878 | Dallas, TX 75201 | Suite 600 | Oklahoma City, OK 73102 |
| | direct line: (214) 420-2163 | Houston, TX 77032 | |
| | direct fax: (214) 736-1762 | | |

mark.craige@crowedunlevy.com
v-card   bio   website



**Fellow of the American College of Bankruptcy**
**Board Certified, Business Bankruptcy, American Board of Certification**
**Past President, American Board of Certification**
Oklahoma has no procedure for approving certifying organizations



This message may be protected by the attorney-client privilege and/or other privileges or protections. If you believe that it has been sent to you in error, do not read it. Please reply to the sender that you have received the message in error and then delete it. Thank you.